NOT DESIGNATED FOR PUBLICATION

No. 127,401

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SCOTT DOUGLAS HABLUETZEL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; JOHN BOSCH, judge. Submitted without oral argument. Opinion filed March 7, 2025. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*David Lowden*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., MALONE and CLINE, JJ.


PER CURIAM: Scott Douglas Habluetzel appeals the district court's denial of jail time credit that he wants to be applied to his pending sentence. It appears from this record that Habluetzel is seeking twice the allowable time. This is not permitted by the law, and we affirm the district court's denial of his motion for additional credit.

1

*Two cases lead to two guilty pleas.*

We are dealing with two district court cases: 22CR39 and 23CR113. In case number 22CR39, Habluetzel pled guilty to several crimes committed between October 2021 and January 2022. He was sentenced to 22 months in prison with probation granted for 24 months. Then, in January 2023, while he was on probation, he committed other crimes and was charged in case number 23CR113. Habluetzel ultimately pled guilty to one crime in 23CR113 and stipulated that the conviction was a violation of his probation in 22CR39. The court imposed a consecutive 15-month prison sentence in 23CR113, revoked Habluetzel's probation in 22CR39, and then sent him to prison.

Habluetzel was incarcerated from March 27, 2023, to his sentencing date, January 29, 2024. At sentencing, the court awarded four days of jail credit in 23CR113 for the time he spent in jail from March 27, 2023, to March 30, 2023—before the bench warrant in 22CR39 was issued. Then, the court awarded 530 days of jail credit in 22CR39, which included the 305 days he spent in jail from March 31, 2023, until January 29, 2024.

After sentencing, Habluetzel asked for more jail time credit. He argued he should have been given credit in 23CR113 for the time spent in jail between March 31, 2023, and January 29, 2024. After a hearing, the court denied the motion, finding Habluetzel was not entitled to duplicative credit.

To us, Habluetzel argues that under K.S.A. 21-6615(a) because he was incarcerated pending disposition of 23CR113 from March 27, 2023, to January 29, 2024, he should have received jail time credit in 23CR113 for that entire time span. He also cites the holding in *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023) as support. The State opposes by arguing that Habluetzel was given credit for that time in 22CR39 and is not entitled to duplicative credit in the second, separate case. The State argues the *Hopkins* holding does not apply when consecutive sentences are imposed in two cases.

2

The State argues the 2024 legislative amendments to K.S.A. 21-6615(a), which became effective after Habluetzel's sentencing, indicate a legislative intent to prohibit duplicate credit before and after *Hopkins* was decided. This is a question of law, and we exercise unlimited review. See *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

The controlling statute is clearly written. Under K.S.A. 21-6615(a), a defendant's sentence start date "shall be established to reflect and shall be computed as an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Thus, by law defendants are allowed credit for time incarcerated while their case is pending. The question is, though, how much credit?

*The Hopkins ruling is unique.*

The *Hopkins* court held that defendants are entitled to jail time credit against their sentence for all time spent incarcerated while their case was pending disposition. See 317 Kan. 652, Syl. The court overruled longstanding precedent which held the award of credit was limited to time spent "solely" in custody for the charge for which the defendant was being sentenced. 317 Kan. at 652. In doing so, the court noted "the statute does not say that." 317 Kan. at 656.

The jail credit issue arose during Hopkins' sentencing for murder. While in jail pending disposition of the murder charges, Hopkins also had a pending motion to revoke his probation in a prior theft case and a pending escape from custody charge. Those other cases were dismissed after Hopkins pled guilty to two counts of murder. 317 Kan. at 653. The court ordered Hopkins' murder sentences run concurrently. 317 Kan. at 654-55. But the sentencing court refused to give Hopkins jail credit because while he was in custody for the murder case, he was also in custody on the other cases. 317 Kan. at 655. The facts here differ from the facts of *Hopkins*.

3

In *Hopkins*, unlike here, there was no danger of duplicative jail credit being awarded. Hopkins' other cases were dismissed, and he was given concurrent sentences for the two murder convictions. If the time he spent in jail was not credited to his murder case, Hopkins would have received no credit for the time he spent in jail. Here, in contrast, Habluetzel wants credit for twice the amount of time he was in jail. The law does not call for double credits.

We agree with the panel in *State v. Feikert*, which stated, a "defendant is entitled to a single day of jail credit for each day spent in jail while those cases were pending. A defendant is not entitled to duplicative jail credit toward consecutive prison sentences imposed in multiple cases." 64 Kan. App. 2d 503, Syl. ¶ 2, 553 P.3d 344 (2024), *petition for rev. filed* Aug. 12, 2024. Simply put, *Hopkins* did not overrule prior caselaw prohibiting duplicative jail credit. To construe the statute otherwise would defy common sense, and we think this interpretation is consistent with the Legislature's 2024 amendments to the statute. See *Feikert*, 64 Kan. App. 2d at 508-09.

Courts cannot create a new jail time credit but must instead rely on the statute. Here the statute contains no provision for credit in excess of the time an individual is actually incarcerated in jail. See *State v. Davis*, 312 Kan. 259, 287, 474 P.3d 722 (2020). The statute provides that a defendant is entitled to "an allowance for the time which the defendant *has spent incarcerated* pending the disposition of the defendant's case." (Emphasis added.) K.S.A. 21-6615(a). That is what the defendant received here. Instead, Habluetzel wants an allowance for twice the time he spent incarcerated pending disposition of his cases. Such an allowance is not called for. The district court properly denied his motion.

Affirmed.

4